**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-1289

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN ALLEN WRIGHT,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Howard, Selya and Lipez,
Circuit Judges.

Paul J. Garrity on brief for appellant.
John P. Kacavas, United States Attorney, and Seth R. Aframe,
Assistant United States Attorney, on brief for appellee.

September 8, 2014

**Per Curiam.** This is a single-issue sentencing appeal. The lone issue is whether the sentence imposed violates the Eighth Amendment. See U.S. Const. amend. VIII. The genesis of the case is straightforward. Defendant-appellant John Allen Wright pleaded guilty to five counts of sexually exploiting children, see 18 U.S.C. § 2251(a), and one count of possessing child pornography, see id. § 2252A(a)(5)(B). The guideline sentencing table for the six counts called for life imprisonment. U.S. Sentencing Guideline Manual ch. 5, pt. A, sentencing table (2013). None of the individual counts, however, authorized a life sentence. Faced with this fact, the court sentenced the defendant to what was effectively a life sentence, imposing six separate sentences (each at the statutory maximum) and running them consecutively. These consecutive sentences added up to a 160-year period of immurement. This timely appeal followed.

The defendant raises his solitary Eighth Amendment claim for the first time on appeal, so our review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). We discern no hint of error, plain or otherwise.

We need not tarry. A criminal sentence can violate the Eighth Amendment only if it is grossly disproportionate to the gravity of the crimes of conviction. See Solem v. Helm, 463 U.S. 277, 288 (1983); United States v. Polk, 546 F.3d 74, 76 (1st Cir.

-2-

2008).  This is a high bar, rarely surmounted.  See Polk, 546 F.3d at 76.  The case at hand does not come close.

The defendant committed crimes characterized by utter depravity.  He took unfair advantage of a position of trust (a school-bus driver), abused very young disabled children in hideous ways, and recorded his reprehensible acts by means of hidden cameras to ensure him of the ability to revisit his escapades for his continued gratification.  The district court sentenced the defendant harshly, but it explained its rationale plausibly.  That sentence was not only an efficacious way of achieving parity with the guideline sentencing table but also served to impose punishment commensurate with the horrific nature of the crimes of conviction.  Consequently, the sentence imposed did not offend the Eighth Amendment.  See, e.g., United States v. Saccoccia, 58 F.3d 754, 789 (1st Cir. 1995) (upholding 660-year sentence for racketeering, money laundering, and related offenses against Eighth Amendment challenge).

We need go no further.  **The defendant's sentence is summarily affirmed.**  See 1st Cir. R. 27.0(c).