23-6228
Upadhyay v. Bondi

BIA
Golovnin, IJ
A209 171 291

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

DAMODAR UPADHYAY,
> *Petitioner,*

v.                                                                          **23-6228**
                                                                            NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Chhetry &
                         Associates, P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Damodar Upadhyay, a native and citizen of Nepal, seeks review of a February 15, 2023 decision of the BIA affirming a September 13, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Damodar Upadhyay*, No. A209 171 291 (B.I.A. Feb. 15, 2023), *aff'g* No. A209 171 291 (Immigr. Ct. N.Y.C. Sept. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily affirmed the IJ's decision without opinion, we "review the IJ's decision as the final agency determination." *KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024) (internal quotation marks omitted). "We review questions of law and application of law to fact *de novo* and factual findings for substantial evidence." *Id.* "[T]he administrative findings of fact are conclusive

2

unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal has the burden to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). A CAT applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). To be deemed persecution, the alleged conduct must "be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021) (internal quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Id.* (internal quotation marks omitted). Although the IJ concluded that Upadhyay had not established past harm that constituted persecution, we affirm the agency's decision on the basis of the IJ's alternate finding that Upadhyay failed to show that

3

the government was unable or unwilling to control private actors who subjected him to a serious beating and death threats.

The Immigration Court found, as a partial basis for its ruling, that Upadhyay failed to establish persecution because he did not demonstrate the government was "unable or unwilling" to protect him. Certified Administrative Record ("CAR") at 55. We agree. Upadhyay's alleged persecutors were private actors. [Petitioner's Brief at 17]. Upadhyay concedes that he did not report the alleged beating or threats to Nepalese authorities. [CAR at 55]. Under such circumstances, the IJ's finding that Upadhyay failed to demonstrate that the government was unable or unwilling to protect him was supported by substantial evidence, particularly because the country conditions report on Nepal does not discuss persecution of Nepali Congress Party ("NCP") members by the government of Nepal or the Maoist party. [CAR at 55; 210-244] *See, e.g.*, *Khatri v. Garland*, 2024 WL 3342494 (2d Cir. July 9, 2024) (finding, in case involving Nepali national alleging persecution by Maoists based on work for NCP, IJ "reasonably found that [petitioner] failed to meet his burden to establish that the government was or would be unable or unwilling to protect him because he did not report the attack to the police and country conditions evidence does not establish that

4

authorities are unwilling or unable to intervene"); *Ke Lin v. Holder*, 571 F. App'x 46, 47 (2d Cir. 2014) (finding "agency reasonably found that [petitioner] failed to show that the Chinese government was unable or unwilling to protect him from persecution" where country conditions report for China "demonstrate[d] that the Chinese government [was] willing to protect persons with disabilities" and because petitioner "could, but did not, attempt to avail himself of those protections").

Because Upadhyay failed to demonstrate that Nepalese authorities are unwilling or unable to protect him from private actors, he has not established a well-founded fear of future persecution. *See Flores Anyosa v. Whitaker*, 758 F. App'x 88, 91 (2d Cir. 2018) (noting, where petitioner's "fear of future persecution arose from conduct by a non-state actor, to qualify for asylum he must additionally prove" that the government in the country from which he seeks asylum "is unwilling or unable to protect him from harm"). His claims for withholding of removal and CAT relief fail for the same reason. *See KC*, 108 F.4th at 138 (noting withholding of removal and CAT relief "require a greater likelihood of persecution or torture than do asylum claims").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court